# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Crim. Action No. 10-49E |
| | ) | |
| HUGO LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On or about April 29, 2011, Defendant Hugo Lopez sent this Court a letter. In the letter, Defendant asks that this Court dismiss the Indictment against him. We have docketed the letter [ECF 32] and are considering it as a formal motion to dismiss.

Defendant first seeks to have the Indictment filed against him dismissed based upon his contention that his counsel's act of obtaining seven (7) continuances in order to file pre-trial motions violates his right to due process.

A Complaint was filed against Defendant on August 3, 2010. ECF 1. Thereafter, an Indictment was filed against him on August 17, 2010. ECF 8. Originally, pretrial motions had to be filed no later than September 7, 2010. ECF 12. On September 10, 2010, former defense counsel filed his first motion to extend the time for filing pretrial motions and to continue the trial date, requesting an additional thirty (30) days. ECF 13. With respect to needing additional time to prepare pretrial motions, counsel stated in the motion that "additional time [was] needed to complete counsel's investigation of the facts and law before informed decisions can be made concerning the filing of pretrial motion." Id. The Motion was granted. ECF 14. Defense counsel then filed six more

motions to extend the time for the filing of pretrial motions, each time for the same reason. ECF 15, 17, 19, 21, 23 and 25. Each time the motion was granted. ECF 16, 18, 20, 22, 24 and 26. The final extension of time stated that any pretrial motions were due on April 8, 2011. ECF 26.

On March 21, 2011, Defendant filed a *pro se* motion for change of court-appointed counsel. ECF 27. The Court granted the motion and appointed new counsel on March 29, 2011. ECF 28 and 29. On April 4, 2011, new counsel filed a motion to extend the time for filing pretrial motions and to continue the trial date for an additional sixth (60) days. ECF 30. The basis for the request was that she had just been appointed to the case and needed time to prepare and file pre-trial motions and to prepare for the trial of the case. The Court granted the motion; new counsel has until June 7, 2011 to file pretrial motions and trial has been set for the August 2011 trial term. ECF 31.

Absent any evidence of actual prejudice, we do not find original defense counsel's request of 7 months' additional time to investigate the facts and law before informed decisions could be made concerning the filing of pretrial motions to violate Defendant's rights under the Due Process Clause of the United States Constitution. Nor does allowing new defense counsel 2 months to get up to speed on the case violate Defendant's due process rights. Defendant's motion to dismiss the Indictment against him based upon a due process violation is denied.

Defendant also seeks to have the Indictment against him dismissed on the basis that 18 U.S.C. §§ 922(g)(1) and (g)(3) do not address possession of ammunition: "Statute 922(g)(1) and 922 (g)(3) have nothing to do with possession of ammunition. These are statutes concerning violations from a licensed gun dealer. Therefore, we need to dismiss all this charges against me due to an arrest under a non applying statute." Motion, p. 1.

18 U.S.C. § 922(g)(1) provides:

(g) It shall be unlawful for any person--
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or <u>ammunition</u>; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(3) provides:

(g) It shall be unlawful for any person—

. . .

(3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

To establish a violation of §§ 922(g)(1) and (g)(3), the government must prove beyond a reasonable doubt the ammunition specified in the Indictment was in or affecting interstate or foreign commerce; to prove this, it will need to prove that at any time prior to the date charged in the Indictment, the ammunition crossed a state line or the United States border. See <u>Scarborough v. United States</u>, 431 U.S. 563, 575 (1977) ("we see

3

no indication that Congress intended to require any more than the minimal nexus that the firearm have been, at some time, in interstate commerce"); United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001) (court concluded "that the proof in this case that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element."). Defendant simply is incorrect when he states that 18 U.S.C. §§ 922(g)(1) and (g)(3) have nothing to do with the possession of ammunition and are statutes concerning violations from a licensed gun dealer.

AND NOW, this 3rd day of May, 2011, it is hereby ORDERED, ADJUDGED, AND DECREEDA that Defendant's Motion to Dismiss the Indictment against him [ECF 32] is DENIED.

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

4